NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251315-U

NO. 4-25-1315

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 7, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF TYLER W., | ) | Appeal from the |
|     Petitioner-Appellee, | ) | Circuit Court of |
|     and | ) | Knox County |
| SARAH W., n/k/a/ JANAI P., | ) | No. 23DC68 |
|     Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | James G. Baber, |
| | ) | Judge Presiding. |

        JUSTICE DeARMOND delivered the judgment of the court.
        Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding respondent forfeited her claims by failing to comply with the briefing requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020).

¶ 2    In May 2024, the marriage of petitioner, Tyler W., and respondent, Sarah W., now known as Janai P., was dissolved. The trial court reserved ruling on issues relating to allocation of parental responsibilities. From January to September 2025, the court conducted several evidentiary hearings. In October 2025, the court entered a judgment allocating majority parenting time and sole significant decision-making responsibilities to Tyler, with Sarah being allocated a six-week reunification period, followed by parenting time every other weekend. Sarah appealed.

¶ 3    On appeal, Sarah *pro se* argues (1) the proceedings below denied her the right to due process, (2) the trial court's parenting decision was against the manifest weight of the evidence, and (3) the court's allocation of sole significant decision-making authority to Tyler

violated her rights under the United States Constitution. For the reasons that follow, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5            In September 2001, Tyler and Sarah were married. The marriage produced two children: E.W. (born in December 2006) and L.W. (born in October 2011).

¶ 6            In December 2023, Tyler filed a petition for dissolution of marriage. Tyler was represented by counsel, whereas Sarah proceeded *pro se*. In February 2024, the trial court entered a written order temporarily designating Tyler as the majority parent, with parenting time granted to Sarah. In May 2024, the court entered an order dissolving the parties' marriage while reserving the issue of allocation of parental responsibilities.

¶ 7            In July 2024, Sarah filed a *pro se* motion to modify allocation of parental responsibilities. In her motion, Sarah alleged there was a substantial change in circumstances in that she obtained housing. She requested the trial court grant her significant decision-making responsibilities and custody of the children.

¶ 8            On January 10, 2025, Tyler filed his proposed parenting plan. The plan applied only to L.W., as E.W. had turned 18 years old. The same day, Sarah filed another *pro se* motion to modify allocation of parental responsibilities.

¶ 9            On January 13, 2025, the trial court held a hearing on the allocation of parental responsibilities. Following Tyler's testimony, the court continued the hearing.

¶ 10          The parenting hearing resumed on February 14, 2025. Counsel filed an entry of appearance on behalf of Sarah. On Sarah's motion and over Tyler's objection, the court granted a continuance to allow Sarah's counsel to prepare for the remainder of the parenting hearing.

¶ 11          The parenting hearing resumed on February 20, April 4, and April 7, 2025, where Sarah, E.W., and Tyler testified. In August 2025, the trial court separately ordered that L.W.

attend school in person, denying Sarah's request that L.W. be homeschooled. The court further ordered L.W. to remain unvaccinated, as requested by Sarah, pending the court's final order.

¶ 12 The parenting hearing concluded on September 8, 2025. Following arguments, the trial court took the matter under advisement. Sarah then interjected and requested that the court discharge her attorney for not presenting certain evidence and for resting the case without her permission. On September 22, 2025, the court entered a written order allowing Sarah's counsel to withdraw from the case.

¶ 13 In an October 2025 letter, the trial court adopted Tyler's proposed parenting plan, with modifications to parenting time. The court thereafter entered its written order. The order granted Tyler sole decision-making responsibilities for L.W., including significant educational and medical decisions. Tyler was designated the majority parent. Sarah's parenting time would start with a six-week reunification period. Once the reunification period was completed, she would parent L.W. every other weekend.

¶ 14 In November 2025, Sarah filed a *pro se* "Motion to Reconsider and/or Vacate Judgment." Following a hearing, the trial court denied the motion. Sarah appealed.

¶ 15 II. ANALYSIS

¶ 16 Initially, we must address the delay in the issuance of this disposition. As a matter involving the custody of a minor, this case is subject to expedited disposition under Illinois Supreme Court Rule 311(a)(5) (eff. July 1, 2018), which requires the appellate court to issue its decision within 150 days after the filing of the notice of appeal, except for good cause shown. Here, the notice of appeal was filed on December 5, 2025, making our decision due by May 4, 2026. On January 9, 2026, we dismissed the appeal after Sarah failed to timely file a docketing statement. Sarah filed a motion to reconsider, which this court allowed on January 27, 2026. On

March 10, 2026, we granted Sarah's motion for an extension of time to file an appellant's brief, and the brief was not filed until March 24, 2026. After Tyler filed his appellee's brief on April 14, 2026, Sarah filed a motion for leave to file a late reply brief on April 26, 2025, and a motion to supplement her reply brief on April 30, 2026. Both motions were taken with the case on May 11, 2026. Although every effort was made to comply with the deadline under Rule 311(a)(5), we find good cause exists for filing this decision beyond the deadline.

¶ 17　　　　On appeal, Sarah argues (1) she was not afforded a meaningful opportunity to present her case, denying her the right to due process, (2) the trial court's parenting decision was against the manifest weight of the evidence, and (3) the court's decision allocating significant decision-making authority solely to Tyler violated her rights under the first and fourteenth amendments of the United States Constitution (U.S. Const., amends. I, XIV).

¶ 18　　　　Tyler argues that Sarah's *pro se* brief fails to comply with our supreme court rules, rendering her arguments forfeited under Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Our supreme court rules governing the form and content of appellate briefs are "not mere suggestions." *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999). "They have the force of law, and the presumption must be that they will be obeyed and enforced as written." (Internal quotation marks omitted.) *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 353 (1997).

¶ 19　　　　Rule 341(h)(2) requires the appellant's brief to include an introductory paragraph stating the nature of the action and of the judgment appealed from. Ill. S. Ct. R. 341(h)(2) (eff. Oct. 1, 2020). Here, the required introductory paragraph is absent from Sarah's brief. Rule 341(h)(3) requires the appellant to "include a concise statement of the applicable standard of review for each issue, with citation to authority." Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). Here, Sarah contends the manifest-weight-of-the-evidence standard applies to the trial court's

parenting decision, but she cites no authority supporting its application. For her remaining two arguments, she does not identify any standard of review.

¶ 20      Rule 341(h)(6) requires that the appellant's brief "contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Here, Sarah's statement of facts, constituting barely one page of her brief, does not contain any citations to the record. Her statement of facts also omits many of the facts needed to understand the case. As just one example, the trial court held four separate hearings on the issue of allocating parental responsibilities, yet Sarah entirely fails to summarize any of the testimony or evidence presented at those hearings. Her statement of facts is further marred by argumentative assertions that do not fairly characterize the proceedings below.

¶ 21      Rule 341(h)(7) requires that the argument section of an appellant's brief "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Here, Sarah has failed to set forth a cogent legal argument supported by relevant authority. Perplexingly, while Sarah included a table of authorities, referencing several constitutional provisions and federal and state case law, almost none of these authorities are explained or cited in the argument section of her brief. In fact, the argument section contains a single citation to general authority stating that a parent's right to parent and educate her own child is a fundamental right. See *Pierce v. Society of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 535 (1925).

¶ 22      Moreover, Sarah fails to develop any meaningful legal argument demonstrating how (1) she was denied due process, (2) the trial court erred in its parenting decision, or (3) her federal constitutional rights were violated. First, Sarah alleges she was denied due process

because counsel rested her case before presenting additional testimony and evidence. However, Sarah never explains who the additional witnesses were or what was contained in the additional evidence. She essentially asks this court to accept her contentions as true without attempting to prove them. This court will not reverse the trial court's decision based on mere speculation.

¶ 23 Next, Sarah contends the trial court's parenting decision was against the manifest weight of the evidence. Without any citation to the record or legal authority, she baldly asserts the court "allowed ongoing noncompliance and interference to persist without meaningful remedy" and that "the court's own findings *** do not reflect a balanced or complete evaluation of the evidence." The remainder of her argument appears to be an overview of her homeschooling plan. At no point does she meaningfully address the court's findings of fact or decision regarding the allocation of parental responsibilities.

¶ 24 Finally, Sarah claims, by allocating significant educational and medical decision-making responsibilities solely to Tyler, the trial court violated her first amendment right to the free exercise of religion and her fourteenth amendment right to direct the upbringing and education of her child. Again, without citation to the record or authority, she vaguely asserts the court rejected her parenting plan "without a finding of harm" and failed to "incorporate reasonable safeguards and less restrictive alternatives" in its parenting decision. Sarah does not show how these alleged errors amount to a violation of her constitutional rights. We further note that she claims the court erroneously rejected her parenting plan, yet neither she nor her counsel filed a proposed parenting plan, despite repeated reminders by the court to do so.

¶ 25 It is well settled that the appellate court is not a depository into which the appellant can dump the burden of argument and research. *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. The reviewing court will not act as an advocate or seek error in the

record in the absence of a clearly developed legal argument. *In re N.F.*, 2020 IL App (1st) 182427, ¶ 30. Sarah's *pro se* status does not relieve her of the duty to comply with the appellate practice rules required of attorneys. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001) ("*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures."). Accordingly, we find Sarah has forfeited her arguments due to the multiple fatal deficiencies in her brief. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("[P]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 26    Finally, we address Sarah's motions, which were taken with the case. In April 2026, she filed with this court a motion to file a late reply brief and a motion to file a supplemental reply brief. Because Sarah has forfeited the arguments in her appellant's brief for failing to comply with Rule 341(h), we find that further briefing will not assist us in disposing of this appeal. Thus, the motions are denied.

¶ 27    III. CONCLUSION

¶ 28    For the reasons stated, we affirm the trial court's judgment.

¶ 29    Affirmed.